UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| ROBERT WILLIAM DOWNS, II, | Case No. 3:22-cv-00075-ART-CLB |
|---|---|
| Petitioner, | |
| v. | ORDER DENYING, IN PART, AND GRANTING, IN PART, MOTION TO DISMISS |
| NETHANJAH BREITENBACH,[1] et al., | |
| Respondents. | [ECF No. 36] |

On December 29, 2023, counseled Petitioner Robert William Downs, II, filed his first-amended § 2254 petition. (ECF No. 29.) This matter comes before the Court on Respondents' motion to dismiss Downs's first-amended petition. (ECF No. 36.) Downs opposed the motion, and Respondents replied. (ECF Nos. 46, 49.) For the reasons stated below, the Court denies the motion, in part, and grants the motion, in part.

**I.   BACKGROUND**

The Nevada Supreme Court described the crime, as revealed by the evidence at Downs's trial, as follows: "In 2013, a Reno police detective and a social worker were sent to investigate appellant Robert Downs for reports of child abuse of his girlfriend's seven-year-old son. The child was observed to have bloody red eyes and bruises all over his body." (ECF No. 32-8 at 2.) A jury found Downs guilty of first-degree kidnapping and three counts of child abuse resulting in substantial bodily harm. (ECF No. 31-34.) Downs was sentenced to three concurrent terms of 96 to 240 months in prison for his child abuse convictions

---

[1]The state corrections department's inmate locator page states that Downs is incarcerated at Lovelock Correctional Center. Nethanjah Breitenbach is the warden for that facility. At the end of this Order, this Court directs the clerk to substitute Nethanjah Breitenbach as a respondent for Respondent State of Nevada under Federal Rule of Civil Procedure 25(d).

to run consecutive to his sentence of life with the possibility of parole after 5 years for his first-degree kidnapping conviction. (*Id.*) Downs's judgment of conviction was entered on November 17, 2015. (*Id.*) Downs appealed, and the Nevada Supreme Court affirmed on June 28, 2017. (ECF No. 32-8.)

Downs filed his *pro se* state post-conviction habeas petition on June 4, 2018. (ECF No. 32-17.) The state court denied Downs post-conviction relief on March 23, 2020. (ECF No. 32-42.) Downs appealed, and the Nevada Supreme Court affirmed on November 10, 2021. (ECF No. 33-21.) Remittitur issued on January 7, 2022. (ECF No. 33-24.)

In his instant first-amended petition, Downs presents the following grounds for relief:

1. There was insufficient evidence to support his first-degree kidnapping conviction.
2. His trial counsel was ineffective for failing to challenge the sufficiency of the evidence on the first-degree kidnapping charge.
3. His trial counsel was ineffective for failing to ask the trial court for a jury instruction informing the jury that to convict him of both first-degree kidnapping and child abuse, the State had to show that the movement of the child required for the kidnapping charge was not incidental to the related child abuse charge.
4. His trial counsel was ineffective for failing to object to erroneous instructions on child abuse.
5. His trial counsel was ineffective for failing to object to Detective Doser's testimony commenting on his credibility and expressing quasi-medical opinions about the causes of the victim's injuries.
6. His trial counsel was ineffective for permitting the victim to testify via Skype and for failing to effectively cross-examine the victim.
7a. His trial counsel was ineffective for failing to file a motion in limine or object to the State's use of certain photographs.
7b. His trial counsel was ineffective for failing to interview and call certain witnesses for trial.
7c. His trial counsel was ineffective for failing to retain specific experts.
7d. His trial counsel was ineffective for failing to test items for DNA.
7e. His trial counsel was ineffective for failing to investigate and present a defense that his co-defendant was responsible for the victim's injuries and that his conduct did not amount to abuse.
8. His trial counsel was ineffective during plea negotiations.

2

9. His trial counsel was ineffective for failing to move to suppress statements that he made to Detective Doser and/or object to admitting the video recordings of this questioning at trial.

(ECF No. 29.)

## II. DISCUSSION

Respondents argue that (1) grounds 2, 3, 4, 5, 6, 7, 8, and 9 are unexhausted and (2) grounds 1, 2, 3, 4, and 6 do not relate back to Down's timely original petition and are thus untimely. (ECF No. 36.) This Court will address these arguments in turn.

### A. Exhaustion

A state prisoner first must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999) ("Section 2254(c) requires only that state prisoners give state courts a fair opportunity to act on their claims.")).

A petitioner must present the substance of his claim to the state courts, and the claim presented to the state courts must be the substantial equivalent of the claim presented to the federal court. *Picard v. Connor*, 404 U.S. 270, 278 (1971). The state courts have been afforded a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal basis. *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999); *see also Scott v. Schriro*, 567 F.3d 573, 582–83 (9th Cir. 2009) ("Full and fair presentation additionally requires a petitioner to present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a

1    statement of facts that entitle the petitioner to relief."). A petitioner may
2    reformulate his claims so long as the substance of his argument remains the
3    same. *Picard*, 404 U.S. at 277–78.
4        In grounds 2, 3, 4, 5, 6, 7, 8, and 9, Downs argues that his trial counsel
5    was ineffective. (ECF No. 29.) Downs argues that these grounds are technically
6    exhausted but procedurally defaulted and that he can overcome the defaults
7    under *Martinez v. Ryan*. (ECF No. 32 at 12.)
8        A claim may be considered procedurally defaulted if "it is clear that the
9    state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314
10   F.3d 371, 376 (9th Cir. 2002). Downs would face several procedural bars if he
11   were to return to state court. *See, e.g.*, Nev. Rev. Stat. §§ 34.726 & 34.810. Nevada
12   has cause and prejudice and fundamental miscarriage of justice exceptions to its
13   procedural bars, which are substantially the same as the federal standards. If a
14   petitioner has a potentially viable cause-and-prejudice or actual-innocence
15   argument under the substantially similar federal and state standards, then that
16   petitioner cannot establish that "it is clear that the state court would hold the
17   claim procedurally barred." *Sandgathe*, 314 F.3d at 376. For that reason, the
18   courts in this district have generally declined to find a claim subject to
19   anticipatory procedural default unless the petitioner represents that he would be
20   unable to establish cause and prejudice in a return to state court. In such a case,
21   the claim would generally be subject to immediate dismissal as procedurally
22   defaulted, as the petitioner would have conceded that he has no grounds for
23   exception to the procedural default in federal court.
24       A different situation is presented, however, where the Nevada state courts
25   do not recognize a potential basis to overcome the procedural default arising from
26   the violation of a state procedural rule that is recognized under federal law. In
27   *Martinez v. Ryan*, the Supreme Court held that the absence or inadequate
28   assistance of counsel in an initial-review collateral proceeding may be relied upon

4

to establish cause excusing the procedural default of a claim of ineffective assistance of trial counsel. 566 U.S. 1, 9 (2012). The Nevada Supreme Court does not recognize *Martinez* as cause to overcome a state procedural bar under Nevada state law. *Brown v. McDaniel*, 331 P.3d 867, 875 (Nev. 2014). Thus, a Nevada habeas petitioner who relies upon *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar on an unexhausted claim can successfully argue that the state courts would hold the claim procedurally barred but that he nonetheless has a potentially viable cause-and-prejudice argument under federal law that would not be recognized by the state courts when applying the state procedural bars.

Here, Downs advances only *Martinez* as a basis for excusing the anticipatory default of grounds 2, 3, 4, 5, 6, 7, 8, and 9. (*See* ECF No. 46 at 4.) Accordingly, the Court considers grounds 2, 3, 4, 5, 6, 7, 8, and 9 to be technically exhausted and procedurally defaulted. Because the analysis of cause and prejudice to overcome the procedural default of these grounds is necessarily intertwined with the merits of the grounds, this Court defers a determination of whether Downs can overcome the procedural default of these grounds until the time of merits determination.

**B.    Relation Back**

Respondents contend that while Downs's original *pro se* federal petition was timely filed, his counseled first-amended petition was untimely filed; thus, grounds 1, 2, 3, 4, and 6 of his untimely first-amended petition must be dismissed because they do not relate back to his timely original petition. (ECF No. 36 at 9.) Downs does not dispute that his first-amended petition is untimely; rather, he contends that grounds 1, 2, 3, 4, and 6 of his first-amended petition relate back to his original petition. (ECF No. 46 at 17–22.)

A new claim in an amended petition that is filed after the expiration of the Antiterrorism and Effective Death Penalty Act ("AEDPA") one-year limitation

5

period will be timely only if the new claim relates back to a claim in a timely-filed pleading on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. *Mayle v. Felix*, 545 U.S. 644 (2005). In *Mayle*, the United States Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because the claims all challenge the same trial, conviction, or sentence. *Id.* at 655–64. Rather, habeas claims asserted in an amended petition relate back "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." *Id.* at 657. In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id.* at 659. A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. *Id.* at 659 n.5; *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013).

In ground 1 of his first-amended petition, Downs alleges that there was insufficient evidence to support his first-degree kidnapping conviction. (ECF No. 29 at 13.) Downs alleges that ground 1 of his first-amended petition relates back to ground 5 of his original petition. (ECF No. 46 at 18–19.) In ground 5 of his original petition, Downs alleged the following:

> [Defense counsel] failed to research and investigate a meaningful defense instead choosing to demonstrate the prosecutor's inability to prove every aspect of the charges. Despite petitioner's protestations, defense counsel chose to forego any defense theory by making a weak and ineffective attempt to prove the prosecutor's inability to prove their case. Petitioner finally ceded to counsel's pleas when only days away from trial start date, defense counsel had performed no investigation.

(ECF No. 7 at 13.) This Court does not find that ground 1 of Down's first-amended

petition relates back to ground 5 of his original petition. Ground 1 of the first-amended petition varies in both time and type from ground 5 of the original petition because, in general terms, ground 1 of the first-amended petition alleges that the prosecution failed to prove every element of the first-degree kidnapping charge whereas ground 5 of the original petition alleges that Down's trial counsel should *not* have argued that the prosecution failed to prove every element of the charges. These opposing allegations demonstrate that these grounds do not contain a common core of operative facts. Ground 1 is dismissed as untimely.

Similarly, in ground 2 of his first-amended petition, Downs alleges that his trial counsel was ineffective for failing to challenge the sufficiency of the evidence on the first-degree kidnapping charge. (ECF No. 29 at 14.) Like with ground 1, Downs argues that ground 2 of his first-amended petition relates back to ground 5 of his original petition. (ECF No. 46 at 19.) Because ground 2 of the first-amended petition and ground 5 of the original petition present opposing allegations—trial counsel should have argued against the sufficiency of the evidence versus trial counsel should *not* have argued against the sufficiency of the evidence—this Court finds that these grounds do not contain a common core of operative facts. Ground 2 is dismissed as untimely.

In ground 3 of his first-amended petition, Downs alleges that his trial counsel was ineffective for failing to ask the trial court for a *Mendoza* jury instruction informing the jury that to convict him of both first-degree kidnapping and child abuse, the State had to show that the movement of the child required for the kidnapping charge was not incidental to the related child abuse charge. (ECF No. 29 at 16.) Downs argues that ground 3 of his first-amended petition relates back to grounds 4 and 5 of his original petition. (ECF No. 46 at 20.) In ground 4 of his original petition, Downs alleged the following:

> [Trial counsel] failed to research and investigate a meaningful defense instead relying on prosecutor's files. Due to defense

> counsel's apparent lack of interest in the petitioner's case, counsel was ill-prepared for trial and subsequently was unable to argue against the prosecution's weak case. Counsel was grossly negligent in his responsibilities.

(ECF No. 7 at 13.) This Court does not find that ground 3 of Down's first-amended petition relates back to grounds 4 and 5 of his original petition. A claim that trial counsel failed to request a *Mendoza* instruction and a claim that trial counsel failed to research and investigate a defense do not share a common core of operative facts. Ground 3 is dismissed as untimely.

In ground 4 of his first-amended petition, Downs alleges that his trial counsel was ineffective for failing to object to erroneous instructions on child abuse. (ECF No. 29 at 17.) Specifically, Downs claims that his trial counsel failed to ensure that the modifier "substantial" was included in the jury instruction on child abuse. (*Id.* at 17–18.) Like ground 3, Downs argues that ground 4 of his first-amended petition relates back to grounds 4 and 5 of his original petition. (ECF No. 46 at 21.) This Court does not find that ground 4 of Down's first-amended petition relates back to grounds 4 and 5 of his original petition. A claim that trial counsel failed to object to a jury instruction and a claim that trial counsel failed to research and investigate a defense do not share a common core of operative facts. Ground 4 is dismissed as untimely.

In ground 6 of his first-amended petition, Downs alleges that his trial counsel was ineffective for permitting the victim to testify via Skype and for failing to effectively cross-examine the victim. (ECF No. 29 at 19.) Downs argues that ground 6 of his first-amended petition relates back to ground 5 of his original petition. (ECF No. 46 at 22.) This Court does not find that ground 6 of Down's first-amended petition relates back to ground 5 of his original petition. A claim that trial counsel failed to conduct a meaningful cross-examination and a claim that trial counsel failed to research and investigate a defense do not share a common core of operative facts. Ground 6 is dismissed as untimely.

## III. CONCLUSION

It is therefore ordered that Respondents' Motion (ECF No. 36) is denied, in part, and granted, in part, as follows: (1) grounds 1, 2, 3, 4, and 6 are dismissed as untimely, and (2) grounds 5, 7, 8, and 9 are technically exhausted and procedurally defaulted, and this Court defers consideration of whether Downs can demonstrate cause and prejudice under *Martinez v. Ryan* to overcome the procedural default of these grounds until after the filing of an answer and reply in this action.

It is further ordered that Respondents file an answer to the remaining grounds in the first-amended petition—grounds 5, 7a, 7b, 7c, 7d, 7e, 8, and 9— within 60 days of the date of this order. Downs will then have 30 days from service of the answer within which to file a reply.

It is further ordered that the Clerk substitute Nethanjah Breitenbach for Respondent State of Nevada.

DATED THIS 13th day of November 2024.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE